UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARITO FIERRO CORDERO, FERNANDO MENDEZ FRANCO, JOSE RODRIGUEZ LLERENAS, SANDRO VARGAS LEYVA, OCTAVIO GOMEZ GARCIA, VICTOR PADILLA PLASCENCIA, ALEJANDRO CHAVEZ MONROY, JOSE MENDOZA ANGUIANO, FERNANDO MARTINEZ PEREZ, JUAN LOPEZ GUTIERREZ, OMAR PALMA RENTERIA, JOSE GALLEGOS GONZALEZ, FRANCISCO MUNOZ MEDRANO, and HECTOR BAUTISTA SALINAS,<br><br>          Plaintiffs,<br><br>  v.<br><br>STEMILT AG SERVICES, LLC,<br><br>          Defendant. | NO. 2:22-CV-0013-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE |

ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE ~ 1

BEFORE THE COURT is Defendant's Motion to Consolidate (ECF No. 20). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Consolidate (ECF No. 20) is denied.

## BACKGROUND

The present motion concerns two related farm worker cases against the same defendant where one is a class action and the present suit is brought by individual plaintiffs.

On July 20, 2020, Plaintiffs[1] Mr. Gomez Garcia and Mr. Gomez Rivera filed a putative class action on behalf of 1,100 H-2A farm workers against Defendant for a variety of federal and state law labor violations. *See Garcia et al. v. Stemilt Ag Services, LLC*, ("*Stemilt I*"), 2:20-cv-00254-TOR, ECF No. 1. In that case, the Court granted in part and denied in part Plaintiffs' motion for class certification, certifying one subclass under Washington's Farm Labor Contractors Act ("FLCA") and denying three other proposed classes. *See id.*, ECF No. 193. The

---

[1] Plaintiffs Mr. Rodriguez Llerenas, Mr. Chavez Monroy, Mr. Padilla Plascencia, Mr. Munoz Medrano, and Mr. Vargas Leyva later intervened. *Stemilt I*, ECF No. 228.

ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE ~ 2

Court concluded that the named Plaintiffs were not typical or adequate representatives for one Trafficking Victims' Protection Act ("TVPA") claim and two FLCA claims. *See id.*, ECF No. 193 at 19. The current operative complaint in *Stemilt I* raises the following claims: (1) violations of the TVPA, 18 U.S.C. § 1589(a)(3)-(4), 1592(a), (2) violations of Washington's Law Against Discrimination ("WLAD"), RCW 49.60.180(3), (3) breach of contract, (4) violations of the FLCA, RCW 19.30, (5) willful refusal to pay wages, RCW 49.52.050(2), and (6) alienage discrimination, 42 U.S.C. § 1981. *Id.*, ECF No. 233 at 38-43, ¶¶ 19-41 (Fourth Amended Complaint filed after the Court's order on class certification). A second motion to certify class is currently pending. *See id.*, ECF No. 208.

On January 27, 2022, H-2A farm workers filed the present action to assert claims individually that differ from those in *Stemilt I*. ECF No. 1. The complaint raises the following claims: (1) alienage discrimination, 42 U.S.C. § 1981, (2) violations of the TVPA for non-Pasco area Plaintiffs, 18 U.S.C. § 1589(a)(3)-(4), (3) breach of contract for non-Pasco area Plaintiffs, (4) willful refusal to pay wages for all Plaintiffs except Mr. Martinez Perez, RCW 49.52.050(2), and (5) violations of the FLCA, RCW 19.30. ECF No. 1 at 44-48, ¶¶ 298-311.

On April 28, 2022, Defendant filed the present motion. ECF No. 20. Plaintiffs filed a timely response. ECF No. 24. Defendant did not file a reply.

## DISCUSSION

Defendant moves to consolidate on the grounds that it would serve principles of convenience, economy, and efficiency and the cases share similar claims and counsel. ECF No. 20 at 04-5. Plaintiffs assert (1) consolidation would be prejudicial, (2) the cases have factual, procedural, and substantive differences and complexity, and (3) plaintiffs' counsel in both cases is different. ECF No. 24 at 7-11. However, Plaintiffs recognize that coordination between the two cases is appropriate, and ask the Court to permit the sharing of discovery and cross-noting of depositions. ECF No. 24 at 7-11.

If actions "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts have broad discretion in deciding whether to consolidate actions. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016).

Here, the two actions involve sufficient common questions of law or fact to invoke Rule 42(a). However, the Court declines to consolidate the actions. This case raises claims that present individual issues not certified, some which will require separate evidence involving various orchards. *See* ECF Nos. 1, 24 at 9-10. However, the Court will permit the sharing of discovery and cross-noting of

ORDER DENYING DEFENDANT'S MOTION TO CONSOLIDATE ~ 4

depositions between the actions to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Defendant's Motion to Consolidate (ECF No. 20) is **DENIED**.

    2. The parties shall share relevant discovery and cross-note depositions with the parties in *Stemilt I*, 2:20-cv-00254-TOR.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED June 3, 2022.



THOMAS O. RICE
United States District Judge