UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARITO FIERRO CORDERO, FERNANDO MENDEZ FRANCO, JOSE RODRIGUEZ LLERENAS, SANDRO VARGAS LEYVA, OCTAVIO GOMEZ GARCIA, VICTOR PADILLA PLASCENCIA, JOSE MENDOZA ANGUIANO, FERNANDO MARTINEZ PEREZ, JOSE GALLEGOS GONZALEZ, HECTOR BAUTISTA SALINAS, BISMARK ZEPEDA PEREZ, GILBERTO GOMEZ GARCIA, and JONATHAN GOMEZ RIVERA,<br><br>Plaintiffs,<br><br>v.<br><br>STEMILT AG SERVICES, LLC,<br><br>Defendant. | NO. 2:22-CV-0013-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 134). This matter was submitted for consideration without oral

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

argument. The Court has reviewed the files and record herein, and is fully informed. For the reasons, discussed below, Plaintiff's Motion is **denied**.

## BACKGROUND

This case concerns H-2A farm workers who were employed by Stemilt in Washington. On January 27, 2022, Plaintiffs filed this case, alleging individual claims not included in the companion class-action, *Garcia et al. v. Stemilt Ag Services, LLC*, ("*Stemilt I*"), 2:20-cv-00254-TOR. *See* ECF No. 1. On April 25, 2023, the Court consolidated the two cases. ECF No. 132. On May 5, 2023, Plaintiffs filed the present motion for partial summary judgment on Count Five for breach of contract. ECF No. 134. Except where noted, the following facts are not in dispute.

On July 5, 207, the United States Department of Labor (DOL) notified Stemilt that it accepted its proposed H-2A apple harvest contract that covered a three-month period between August 14, 2017 and November 17, 2017. ECF No. 135 at 8, ¶¶ 46–47. The contract states in relevant part:

> Workers must work at a sustained pace and make bona-fide efforts to work efficiently and consistently that are reasonable under the climatic and all other working conditions …
>
> [Stemilt] may discipline and/or terminate the Worker for lawful job-related reasons: (a) malingers or otherwise refuses without justified cause to perform as directed the work for which the worker was recruited and hired….

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

> If the Worker is consistently unable to perform their duties in a timely and proficient manner consistent with applicable industry standards, considering all factors, they will be provided training in accordance with Employer's progressive discipline standards, including verbal instruction, written warnings, time off, or other coaching or instruction to teach the Worker to work more efficiently. If performance does not improve after coaching and several warnings, the Worker may be terminated. These standards are not linked to any specific productivity measure and apply equally to if the Worker is working on an hourly and/or piece rate basis.

2:20-cv-0254-TOR, ECF No. 68-2 at 15, 20.

The contract did not contain language requiring workers to pick a specific number of bins of apples each day nor require that workers would be subject to disciplinary action, including termination, for failure to meet a production standard. ECF No. 135 at 9, ¶¶ 48, 53.

On September 19, 2017, a Stemilt employee "asked everyone to comment about getting production up and more bins picked per person" at a management meeting. *Id.* at 11, ¶ 65. Defendant disputes this based on hearsay and if considered, must be read in the context that the managers "need ideas for an incentive program." ECF No. 143 at 26, ¶ 65. The meeting notes comment that "[i]t's mostly H-2A workers that are picking slow." ECF No. 135 at 12, ¶ 66. Defendant disputes this based on hearsay and if considered, must be read in the context:

> Juan commented that these new workers lack experience and are not giving any effort. He is very frustrated. The workers still get paid an hourly rate and they flat out don't care. We need to take action soon.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

> Chuck (sic) said they are working with and training the employees to try to change standards and have seen little improvement. It's going okay but there is just no effort. They are locked into the minimum rate. Mark asked if we'd thought about giving a production bonus to for the week for the pickers with the highest production. Robin said they have a couple ideas. The one he likes best is rewarding the whole crew.

ECF No. 143 at 26, ¶ 66.

On September 22, 2017, Mr. Graham sent out an email to all area managers that required "all employees who have completed the training period [to] be producing a minimum average of 3 bins in an 8hr shift." ECF No. 135 at 14, ¶ 80. The email further stated: "If employees do not fulfill this requirement they should be receiving a progressive disciplinary action due **to *not following the supervisor's instructions,*** rather than low production." *Id.*, ¶ 82.

After this 3-bin policy was implemented, warnings began "flooding in" from Stemilt's orchards. *Id.* at 16, ¶ 96. Defendant disputes this, stating that the rate of discipline did not change before or after September 22, 2017: 322 disciplinary notices issued the first 31 days of harvest and 355 issued in the 40 days after September 22, 2017. ECF No. 143 at 42, ¶ 96.

At least 12 different warnings were issued at the JVO orchard for failure to meet production standards between September 22 and the end of the apple harvest. ECF No. 135 at 17, ¶ 100. Defendant disputes this, asserting that warnings were given for a variety of reasons, including the failure to follow the supervisor's

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

instructions, not performing the work as instructed, failure to perform the work that was requested in the correct time, and unsatisfactory work / mistakes due to carelessness where the productivity box is not even checked. ECF No. 143 at 46, ¶ 100.

At least 39 different production warnings were issued by supervisors at Ice Harbor to H-2A workers following the three-bin policy. ECF No. 135 at 18, ¶ 106. Defendant disputes this, asserting that warnings were given for a variety of reasons, including the failure to accomplish the work requested, failure to keep up with the standards of the rest of the team for refusing to obey the instructions issued by a supervisor, and failure to comply with production. ECF No. 143 at 50, ¶ 106.

In November 2017, the picking rate had doubled with an average rate of 5–7 bins. *Id.* at 19–20, ¶ 114. Defendant disputes this to the extent it implies that this was solely the result of the 3 bins requirement where Stemilt employed a variety of measures to increase the pace of harvest, including training and piece rate incentives. ECF No. 143 at 54, ¶ 114.

## DISCUSSION

### I.    Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

1  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In ruling

2  on a motion for summary judgment, the court must only consider admissible

3  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

4  party moving for summary judgment bears the initial burden of showing the

5  absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

6  317, 323 (1986).  The burden then shifts to the non-moving party to identify

7  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

8  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

9  of evidence in support of the plaintiff's position will be insufficient; there must be

10 evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

11        For purposes of summary judgment, a fact is "material" if it might affect the

12 outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

13 "genuine" only where the evidence is such that a reasonable jury could find in

14 favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

15 inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

16 *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

17 "against a party who fails to make a showing sufficient to establish the existence of

18 an element essential to that party's case, and on which that party will bear the

19 burden of proof at trial."  *Celotex*, 477 U.S. at 322.

20

## II. Breach of Contract

Plaintiffs move for partial summary judgment on the ground that Stemilt imposed production standards in violation of their H-2A contracts. ECF No. 134. Defendant contends the three bin rule was "simply a tool to either help the poor performers improve, or otherwise emphasize for those workers that they had their own affirmative obligations under the contract." ECF No. 142 at 6–7.

Under the H-2A visa program, job orders contain material terms and conditions of employment for H-2A workers. 20 C.F.R. § 655.103(b). In the absence of a separate written contract, "the work contract at a minimum will be the terms of the job order and any obligations required under 8 U.S.C. § 1188, 29 CFR part 501, or this subpart." *Id.* As a result, employees have contract rights under H-2A job orders. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 900 (9th Cir. 2013).

For breach of contract, a plaintiff must demonstrate the existence of a valid contract, the defendant breached a duty imposed by the contract, and the breach proximately caused damages. *Univ. of Washington v. Gov't Emp. Ins. Co.*, 700 Wash. App. 455, 467 (2017). A breach is material if it "substantially defeats a primary function of the contract." *Top Line Builders, Inc. v. Bovenkamp*, 179 Wash. App. 794, 808 (2014) (citation omitted). "The materiality of a breach is a question of fact." *Id.*

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

1  Here, the parties do not dispute the existence of a valid contract.  The H-2A
2  contracts set forth the material terms and conditions of Plaintiffs' employment.
3  *See Garcia*, 2:20-cv-00254-TOR, ECF No. 68-2.  While the contract states that
4  "[w]orkers must work at a sustained pace and make bona-fide efforts to work
5  efficiently and consistently", the discipline "standards are not linked to any
6  specific productivity measure." *Id.* at 15, 20.  The Court finds that these are
7  material terms of the contract.  However, there are disputed issues of fact whether
8  material breaches and damages occurred.  *See* ECF   These factual issues are
9  appropriate for a jury.

10 **ACCORDINGLY, IT IS SO ORDERED.**

11 Plaintiffs' Motion for Partial Summary Judgment (ECF No. 134) is
12 **DENIED**.

13 The District Court Executive is directed to enter this Order and furnish
14 copies to counsel.

15 DATED July 31, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8