**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITO FIERRO CORDERO, FERNANDO MENDEZ FRANCO, JOSE RODRIGUEZ LLERENAS, SANDRO VARGAS LEYVA, VICTOR PADILLA PLASCENCIA, JOSE MENDOZA ANGUIANO, FERNANDO MARTINEZ PEREZ, JOSE GALLEGOS GONZALEZ, HECTOR BAUTISTA SALINAS, BISMARK ZEPEDA PEREZ, *Plaintiffs*, v. STEMILT AG SERVICES, LLC, *Defendant - Appellee*, v. COLUMBIA LEGAL SERVICES, counsel for plaintiffs, *Appellant*. | No. 23-3548 D.C. No. 2:22-cv-00013-TOR OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted December 2, 2024
Seattle, Washington

Filed July 10, 2025

Before: William A. Fletcher, Marsha S. Berzon, and Ryan D. Nelson, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Protective Order

The panel vacated the district court's protective order, entered in a now-settled class action brought by agricultural workers, and remanded for further proceedings.

The protective order imposed a limitation on class counsel's use outside this action of information obtained during discovery. The district court ordered: "Plaintiffs must seek leave of this court before they—or counsel—utilize discovery from this action in other advocacy." The

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

district court warned it would "grant leave only in limited circumstances."

The panel held that nonparty counsel was "aggrieved" by the protective order, and thus had Article III standing to appeal, because counsel would clearly benefit from having the ability to use information obtained in discovery in the class action against the defendant in other advocacy. In addition, in the settlement agreement, counsel did not waive its right to appeal the discovery order.

The panel held that discovery is presumptively public, and a district court must find "good cause" before issuing a protective order under Fed. R. Civ. P. 26(c)(1). Here, the district court abused its discretion by entering a broad and undifferentiated order with only a brief explanation and no finding of good cause to support the prohibition against counsel using any information and documents obtained in discovery in this case without prior approval from the district court.

# COUNSEL

Justo G. Gonzalez (argued), Stokes Lawrence PS, Seattle, Washington; Brendan V. Monahan and Arianah N. Musser, Stokes Lawrence PS, Yakima, Washington; for Defendant-Appellee.

Andrea L. Schmitt (argued), Columbia Legal Services, Olympia, Washington; Maria D. Garcia and Andrés Muñoz, Columbia Legal Services, Kennewick, Washington; Joachim Morrison, Columbia Legal Services, Wenatchee, Washington; Sidney C. Tribe, Carney Badley Spellman PS, Seattle, Washington; for Appellant.

Jaqueline A. Osorno, Public Justice, Washington, D.C.; La Rond Baker and Jonathan Nomamiukor, ACLU of Washington Foundation, Seattle, Washington; Jeffery R. White, American Association for Justice, Washington, D.C.; for Amici Curiae American Association for Justice, Public Justice, and ACLU of Washington.

William J. Rutzick, Schroeter Goldmark & Bender, Seattle, Washington; John Strait, Seattle University School of Law, Seattle Washington; Joanne S. Abelson; for Amicus Curiae Familias Unidas por la Justicia and AFL-CIO.

Munia F. Jabbar, Frank Freed Subit & Thomas LLP, Seattle, Washington, for Amicus Curiae Washington Employment Lawyers Association.

## OPINION

W. FLETCHER, Circuit Judge:

Appellant Columbia Legal Services ("Columbia") represented farmworkers in a now-settled class action against Stemilt AG Services, LLC ("Stemilt"). Columbia now appeals in its own name to challenge a broad protective order entered by the district court.

We vacate and remand.

### I. Background

Columbia is a part of the Alliance for Equal Justice, a Washington State network of attorneys whose purpose, according to a declaration of a Columbia attorney, is to "provide and support civil legal aid to low income, vulnerable, and marginalized individuals and communities." Columbia provides a range of legal assistance, including both impact litigation and legislative advocacy. In the class action that underlies this appeal, Columbia represented H-2A temporary agricultural workers employed by Stemilt, a subsidiary of a large fruit grower in Washington State.

Plaintiffs Gilberto Gomez Garcia and Jonathan Gomez Rivera initiated the class action in 2020, alleging that Stemilt engaged in forced labor and trafficking. Other farmworkers brought a separate lawsuit against Stemilt in 2022, and the suits were eventually consolidated. Columbia represented the plaintiffs in both suits, both before and after consolidation.

This appeal arises from a discovery order entered in the initial class action. There were numerous discovery-related motions and orders during the course of that litigation,

Case: 23-3548, 07/10/2025, DktEntry: 69.1, Page 6 of 13
2:22-cv-00013-TOR    ECF No. 183    filed 07/10/25    PageID.3727    P
of 13

6        COLUMBIA LEGAL SERVICES V. STEMILT AG SERVICES, LLC

including two protective orders. The district court wrote with some understatement, "Discovery in this case ha[s] proven quite litigious, with the parties unable or unwilling to resolve disputes independently and without judicial intervention."

The first protective order concerned records from the Washington State Employment Security Division ("ESD"). The parties disagreed on how best to protect sensitive employment data contained in these records. Stemilt proposed a "universal protective order" that "would control access to and the use and dissemination of private materials throughout [the] litigation." Plaintiffs proposed a narrower protective order that would protect only addresses, medical records, dates of birth, telephone numbers, and social security numbers found in ESD or other government agency documents. After evaluating the parties' proposals, the district court adopted Plaintiffs' proposed order because it "reach[ed] a middle ground."

Several months later, another disagreement resulted in another discovery order. This time, the disagreement centered around Stemilt's own financial and employment records. Stemilt again proposed a universal protective order, asserting that Columbia "intend[ed] to use the materials outside of this litigation." Stemilt pointed out that Columbia had already used Stemilt's domestic payroll data in another lawsuit to advocate for higher hourly wages in Washington H-2A contracts. Plaintiffs again proposed a narrow protective order that covered only (1) "health data and medical records"; and (2) "data concerning Stemilt's sales, profits and revenue generated by Stemilt or its parent company from 2016-2020."

The district court adopted Plaintiffs' proposed order on the ground that it was "more in line with the Court's prior order to identify *specific* discovery for which a protective order is needed." (Emphasis in original.) However, the district court concluded that Columbia should "not have free [rein] to utilize the information and documents discovered in this action in other advocacy with which Plaintiffs are not involved." To address concerns about use of discovered information outside the suit at issue, the court ordered: "Plaintiffs must seek leave of this Court before they—or counsel—utilize discovery from this action in other advocacy." The district court warned it would "grant leave only in limited circumstances."

The parties subsequently settled the underlying class action. The settlement agreement released and resolved all claims between "Plaintiffs, on behalf of themselves and any of their relatives, heirs, and successors" and Stemilt. It also "explicitly" waived the right to appeal for "Plaintiffs, in their individual capacities." The parties filed a stipulated motion to dismiss the action with prejudice, which the district court entered in 2023. Columbia timely appealed, and we have jurisdiction under 28 U.S.C. § 1291.

The question before us concerns the district court's limitation, contained in the second order, on Columbia's use outside the class action of information obtained during discovery. Columbia contends that the protective order entered by the court with respect to use of discovered material is overly broad. For the reasons that follow, we agree.

## II. Standard of Review

We review the district court's decision to grant a protective order for abuse of discretion. *Garris v. Fed.*

*Bureau of Investigation*, 937 F.3d 1284, 1291 (9th Cir. 2019). A district court abuses its discretion "when it fails to identify and apply 'the correct legal rule to the relief requested,' or if its application of the correct legal standard was '(1) "illogical," (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record."'" *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (citations omitted) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262–63 (9th Cir. 2009) (en banc)).

### III.  Discussion

#### A.  Standing

Persons or entities seeking appellate review must satisfy the standing requirements of Article III. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662 (2019). Appellants must establish "(1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Id.* Generally, only parties at the time judgment was entered have standing to appeal. *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981).

However, there is an exception for nonparty attorneys who have been "aggrieved" by an order or judgment of the district court. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 914 F.3d 623, 640–41 (9th Cir. 2019); *see also United States v. Talao*, 222 F.3d 1133, 1137–38 (9th Cir. 2000) (holding this Court has jurisdiction over an attorney's challenge to sanctions). To have standing, attorneys must show injury to themselves rather than to their clients. *In re Grand Jury Subpoena Issued to Chesnoff*, 62 F.3d 1144, 1146 (9th Cir. 1995); *see also Uselton v. Com. Lovelace Motor Freight, Inc.*, 9 F.3d

849, 854 (10th Cir. 1993) ("Counsel have standing to appeal from orders issued directly against them, but not from orders applicable only to their clients." (citations omitted)).

The district court directed its order not only to Plaintiffs but also to Columbia specifically. As we noted above, the court's order requires "Plaintiffs' counsel" to seek court permission before using in other advocacy discovery obtained in the class action. A Columbia attorney states in a sworn declaration that the district court's order has had a "tremendous chilling effect" on Columbia's advocacy in other matters. The attorney states that Columbia regularly uses non-confidential information obtained through discovery in its impact litigation, legislative advocacy, and community education efforts. Indeed, Columbia had already used Stemilt's anonymized payroll data in outside litigation before the entry of the district court's order. The attorney states that Columbia has identified several "highly relevant" documents that it would use in other advocacy efforts if it were permitted to do so. Under the challenged order, Columbia can seek leave from the court only "in limited circumstances." Columbia contends that the order severely and improperly limits its use of information discovered in the class action.

Stemilt relies on *United States v. Ensign*, 491 F.3d 1109 (9th Cir. 2007), to argue that Columbia lacks standing to challenge the district court's order. In *Ensign*, an out-of-state attorney had been appointed *pro hac vice* under the Criminal Justice Act ("CJA") to represent a client in a criminal case. *Id.* at 1111. After a hearing in which a pending disciplinary proceeding against the attorney was discussed, the district court terminated the CJA appointment. *Id.* at 1112. The client was convicted and brought an appeal, arguing that she was improperly denied representation by

that attorney. *Id.* at 1111. The attorney appealed in his own right, objecting to the district court's refusal to allow him to proceed as *pro hac vice* counsel. *Id.* at 1115–16. He alleged that he had spent time for which he had not been compensated and that his reputation had been damaged. *Id.* at 1116. In the absence of any evidence that the attorney was "clearly and intentionally sanction[ed]," we held that the attorney lacked Article III standing. *Id.* at 1118–19.

The case before us is a far cry from *Ensign*. Columbia would clearly benefit from having the ability to use information obtained in discovery in the class action against Stemilt in other advocacy. For example, Columbia—an organization with a mission that includes legislative and policy advocacy as well as litigation—maintains that if ESD records contained "information about abuses of farmworkers or short-comings in the H-2A system that are outside of the lawsuit," it "should be able to raise those issues with agencies, state legislators, or the press in order to improve the system." The inability to use such information about abuses or shortcomings is sufficient harm to support Article III standing.

Stemilt also argues that we should apply our nonparty "standing to appeal" rule. This rule is "distinct from the requirements of constitutional standing." *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020). The rule is based on the general premise that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988). However, the rule is not categorical. We allow appeals by nonparties when they "(1) . . . participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." *Habelt v. iRhythm Techs., Inc.*,

83 F.4th 1162, 1167 (9th Cir. 2023) (quoting *Hilao v. Est. of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004)).

We decline to apply the rule in this appeal. We have not applied it to appeals brought by attorneys who have represented clients in the district court, *see, e.g.*, *Volkswagen*, 914 F.3d at 640–41; *Ensign*, 491 F.3d at 1115–19, and we see no reason to apply it here. Columbia clearly has an interest in using the information revealed in discovery in the class action, and, given the order entered by the district court, the only way it can vindicate that interest is to appeal from the district court's order.

### B. Waiver of Right to Appeal

Stemilt argues that in the settlement agreement in the class action, Columbia waived its right to appeal the discovery order. Words in a settlement agreement should be "given their ordinary, usual, and popular meaning unless a contrary intent is shown from the entirety of the agreement." *Condon v. Condon*, 298 P.3d 86, 92 (Wash. 2013) (en banc).

Columbia did not waive its right to appeal. The plain language of the settlement agreement is unambiguous. It releases the claims of "Plaintiffs, on behalf of themselves and any of their relatives, heirs, and successors" and waives appeals for "Plaintiffs, in their individual capacities." No part of the release contains, or refers to, any release by Columbia.

### C. Protective Order

We now turn to the protective order itself. Columbia challenges only the following sentence contained in the district court's second order: "Before Plaintiffs or Plaintiffs' counsel utilize discovery from this matter in other advocacy, Plaintiffs must seek leave of this Court."

Case: 23-3548, 07/10/2025, DktEntry: 69.1, Page 12 of 13
2:22-cv-00013-TOR    ECF No. 183    filed 07/10/25    PageID.3733    P
of 13

12    COLUMBIA LEGAL SERVICES V. STEMILT AG SERVICES, LLC

It is "well-established" in our case law that discovery is "presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Our court "strongly favors access to discovery materials" for individuals engaged in other litigation because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Despite a presumption of public access, courts can issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" resulting from public disclosure of information obtained during discovery. Fed. R. Civ. P. 26(c)(1).

A district court must find "good cause" before issuing a protective order restricting access to discovered information. *Id.* The party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). If a court finds particularized harm that would result from public disclosure it must "balance[] the public and private interests to decide whether a protective order is necessary." *Phillips*,

307 F.3d at 1211. A district court must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz*, 331 F.3d at 1130 (quoting *Phillips*, 307 F.3d at 1212).

Here, the district court entered a broad and undifferentiated order prohibiting Columbia from using any information and documents obtained in discovery in this case without prior approval from the district court. The order included only a brief explanation and no finding of good cause to support this prohibition. The district court did not identify any prejudice or particularized harm that would result from Columbia's use of or public access to particular documents or information, and it did not balance the relevant interests against any potential harm. We therefore conclude that the district court erred in thus restricting Columbia's use of information and documents obtained in this litigation.

## Conclusion

We vacate the portion of the district court's order requiring Columbia to seek court leave before using in other advocacy information obtained in discovery in the class action. We remand to the district court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**